# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## MULLINS v. COMMONWEALTH.

### June 18, 1912.

Absent, Cardwell, J.

1. CRIMINAL LAW—*Evidence—Admissibility—Res Gestæ.*—On a trial for murder, the statement of the deceased, on the morning of the homicide, (not made in the presence of the accused) that he was going to a certain place for a designated purpose, and that the accused was going with him, is not admissible in evidence, as it constitutes no part of the *res gestæ.* The declarations of a person before his death, which are so connected with the act as to form a part of the same transaction, and which illustrate and explain the homicide, are admissible as part of the *res gestæ,* but declarations or statements not constituting part of the *res gestæ,* and not made in the presence of the accused, are not competent evidence.

2. CRIMINAL LAW—*Evidence—Motive—Unknown Facts.*—Where the motive of a party is a material inquiry in a cause, civil or criminal, any evidence which tends in any degree to throw light upon that question is admissible. But before a fact or circumstance is admissible in evidence against a party to show motive, such fact or circumstance must be shown to have probably been known to him, otherwise it could not have influenced him, for a man cannot be influenced or moved to act by a fact or circumstance of which he is ignorant.

3. CRIMINAL LAW — *Evidence — Admissibility — Unrelated Facts—Connection.*—Statements made by the accused to his wife two months before a homicide, which do not appear to refer in any way to the deceased, are not admissible in evidence, in the absence of assurance of counsel that their admissibility will be shown at a later stage of the trial, and, without such assurance, or any evidence showing their admissibility, the error of receiving them in evidence is not cured by instructing the jury that they must disregard them, unless the Commonwealth convinced them, beyond all reasonable doubt, that they did refer to the deceased. The admissibility of evidence is a question for the court, its weight is one for the jury.

4. CRIMINAL LAW—*Arguments—Opinions of Counsel—Absence of Evidence.*— Arguments made and opinions expressed by the Commonwealth's

attorney, when there was no evidence in the case upon which to base either, cannot be said to be without prejudice to the accused.

5. CRIMINAL LAW—*Evidence—Testimony of Accused Before Coroner.*—On a trial for murder, statements made by the accused on his examination at the inquest before the coroner's jury, cannot be given in evidence against him, under the express provisions of section 3901 of the Code.

6. CRIMINAL LAW—"*Reasonable Doubt.*"—It is doubtful if the term "beyond a reasonable doubt" can be made plainer by attempted definition or explanation, but the verdict will not be set aside, although an attempted definition throws no light on the subject, if, upon reading the instructions as a whole, the jury could not have been misled.

Error to a judgment of the Circuit Court of Wise county.

*Reversed.*

The opinion states the case.

*Vicars & Perry* and *A. A. Skeen*, for the plaintiff in error.

*Samuel W. Williams, Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The accused, Morgan Mullins, was indicted for the murder of Ark. W. Howell, and, upon his trial, convicted of murder in the second degree, and sentenced to the penitentiary for ten years.

It appears that the deceased left home on the morning of the 6th of February, 1911, for the purpose of going after whiskey, and that on the 17th of that month his body, with the head cut or beaten off, was found on the side of the mountain, about one and a half miles from his home. The evidence relied on by the Commonwealth to show that the accused murdered the deceased is entirely circumstantial.

Ten of the errors assigned are based upon the action of the trial court in the admission of evidence. Two witnesses, Laura Mullins and George Flemming, were permitted, over the objection of the accused, to detail conversations with the deceased had the evening before and the morning of the day upon which the deceased left home on the errand or trip, from which he never

returned. Those witnesses testified that in the conversations had with them, respectively, the deceased stated that the object of his trip was to get whiskey, and that the accused was going with him. The accused was not present at either of these conversations.

The evidence of these witnesses as to what the deceased stated in reference to the accused was clearly inadmissible. The declarations of a person before his death, which are so connected with the act as to form a part of the same transaction, and which illustrate and explain the homicide, are admissible as part of the *res gestæ*, but declarations or statements not constituting a part of the *res gestæ*, and not made in the presence of the accused, are not competent evidence.

In *McBride's Case*, 95 Va. 818, 30 S. E. 454, it was held that on a trial for murder the statements of the deceased, made on the day before the homicide to a third person, in the absence of the prisoner, as to where the deceased was then going, were irrelevant, and should not be received in evidence.

The Commonwealth introduced a witness named Davis, who testified that the accused had been indicted in Dickenson county, more than a year before Howell's murder, for sending a threatening letter through the mail; that he (the witness, who seems to have been the prosecutor, or active in that prosecution) intended to have the deceased introduced as a witness against the accused in that case. The deceased had never been summoned as a witness, and there was no evidence that the accused knew that he was to be a witness, or that he knew anything about the case. The prisoner objected to the evidence of Davis that the deceased was to be a witness against him in that case, but the court overruled his objection.

If the prisoner had known that Howell was to be a witness against him, the evidence would have been admissible, as tending to show a motive for the murder of Howell; for, where the motive of a party is a material inquiry in a cause, whether civil or criminal, any evidence which tends, in any degree, to throw light upon that question is admissible. *Parsons* v. *Harper*, 16 Gratt. (57 Va.) 64, 1 Wigmore on Ev., sec. 389. But before a fact or circumstance is admissible in evidence against a party to show motive,

such fact or circumstance must be shown to have probably been known to him, otherwise it could not have influenced him, for a man cannot be influenced or moved to act by a fact or circumstance of which he is ignorant. 1 Wigmore on Ev., sec. 389, and authorities cited.

It not appearing that the accused had any knowledge or reason to believe that the deceased was to be a witness against him, or that he even knew that the deceased knew anything about the case, the court ought not to have permitted the evidence of Davis, which was objected to, to go to the jury.

A witness named Puckett was permitted to testify, over the prisoner's objection, that she was at the home of the accused some two months before the homicide, when the deceased came there to get a meal, and that about half an hour after the deceased had left she heard part of a conversation between the accused and his wife, in which the latter said, "He would be the hardest witness against you," and the accused replied, "Never mind, he would not be at court." The witness stated that she did not know to what case the accused and his wife were referring, that no names were called, and that she did not know who they were talking about. Thereupon, the accused, by counsel, moved the court to exclude the said evidence from the jury, because it did not appear that the alleged conversation between the accused and his wife had reference to the deceased, and was, therefore, incompetent and irrelevant. The court overruled the motion, but afterwards, during the cross-examination of the witness, said to the jury: ".In reference to the statement of this witness, the Commonwealth must convince you, beyond all reasonable doubt, that it referred to the defendant there, meaning that Howell would be a witness against the defendant; if it fails to convince you, you must disregard the witness' evidence."

There being no evidence showing that the conversation between the accused and his wife was in reference to the deceased, the court ought to have sustained the accused's objection to it, in the absence of the assurance of counsel that other evidence would be duly presented during the progress of the trial which would show its admissibility; or, at least, ought to have admitted it only upon the condition that the Commonwealth would subsequently

offer evidence showing that it was admissible. No such assurance being given, and no such evidence being introduced during the trial to show that the conversation in question was in reference to the deceased, the evidence was improperly before the jury, and the action of the court, in leaving the question to them to determine whether or not they should consider it, did not cure the error in permitting the evidence to go before the jury.

"Questions as to the competency or admissibility of testimony," as was said in *Vass's Case*, 3 Leigh (30 Va.) 786, 791, 24 Am. Dec. 695, "at whatever stage of the trial they may be raised (though regularly they ought to precede the introduction of the testimony objected to), are referred to the decision of the judge. 'As it is the province of the jury to consider what degree of credit ought to be given to evidence, so it is for the court alone to determine whether a witness is competent, or the evidence admissible. Whether there is any evidence is a question for the court; whether it is sufficient is for the jury. And whatever antecedent facts are necessary to be ascertained, for the purpose of deciding the question of competency—as, for example, whether a child understands the nature of an oath, or whether the confession of a prisoner was voluntary, or whether declarations offered in evidence as dying declarations were made under the immediate apprehension of death—those, and other facts of the same kind, are to be determined by the court, and not by the jury.' " *Claytor* v. *Anthony*, 6 Rand. (27 Va.) 299; *Smith's Case*, 10 Gratt. (51 Va.) 734, 737; 4 Wigmore on Ev., sec. 2550; 1 Thompson on Trials (2d ed.), sec. 318.

The action of the court in leaving the evidence objected to provisionally to the jury, to be considered or rejected by them, as they might determine its admissibility or inadmissibility under the instruction given by the court, was not the proper practice, as the jury had nothing to do with the admissibility of the evidence. Wigmore on Ev., secs. 497, 361, 1451, 2550; 1 Thompson on Trials (2d ed.), sec. 318.

The impropriety of such a practice is illustrated by the use made by the attorney for the Commonwealth of that evidence. In the closing argument for the Commonwealth he stated to the jury that *in his opinion* the conversation related by Miss Puckett

referred to the deceased, because he was a witness against the accused in the prosecution against him in Dickenson county, and the deceased had been killed before the term of court at which the defendant was to be tried. If the court had excluded that conversation, as it ought to have done, instead of letting it go before the jury for them to pass upon its admissibility, there would have been nothing in the case upon which the attorney for the Commonwealth could have based the argument and opinion which he was permitted to make and express over the objection of the accused.

It cannot be said that the accused was not prejudiced by the argument made and of the opinion expressed, when there was no evidence in the case upon which to base either. *Jessie's Case,* 112 Va. 887, 71 S. E. 612, 5 Va. App. 373.

The action of the court in permitting Larkin Combs to testify to a statement made by the accused in his examination at the inquest before the coroner's jury is assigned as error.

Section 3901 of the Code provides that "In a criminal prosecution, other than for perjury or in an action on a penal statute, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination, unless such statement was made when examined as a witness in his own behalf."

The introduction of the evidence in question was forbidden by the section of the Code quoted, and the objection of the accused ought to have been sustained. *Kirby's Case,* 77 Va. 681, 690, 46 Am. Rep. 747.

The other assignments of error, based upon the action of the court in the admission of evidence, need not be considered separately and in detail. It is sufficient to say that the evidence objected to was for the most part admissible, and where it was not it consisted of expressions of opinion, hearsay, and other irrelevant matter which, while it should not have gone to the jury, yet was of such a character that its admission could not have prejudiced the accused.

The action of the court in giving the following instruction is assigned as error: "The court instructs the jury that a reasonable doubt is such a doubt as may be honestly and reasonably en-

tertained as to the offense charged.  Reasonable doubt must be based upon the evidence, any substantial and material fact essential to prove the offense, or that is suggested by the evidence, or grows out of the evidence itself.  It must not be arbitrary doubt, without evidence to sustain it.  It must be serious and substantial in order to warrant an acquittal.  It must be a doubt of a material fact or facts necessary for the jury to believe to find a verdict of conviction, and not of immaterial and non-essential circumstances."

That instruction, it must be admitted, is not a model definition, either in brevity or clearness, and, perhaps, was of little aid to the jury upon the question upon which it was given.  Indeed, it may be safely said, we think, that it is very doubtful whether what is meant by the term "beyond a reasonable doubt" can be made clearer by attempted definition and explanation.  Like other language which is in common use and within the comprehension of persons of ordinary intelligence, it can seldom be made plainer by further definition or refinement, and, in the opinion of many judges and some of our ablest text-writers, the effort to define it should be abandoned altogether.  4 Wigmore on Ev., sec. 2497; 2 Chamberlain on Modern Ev., secs. 996b, 1016; 2 Thompson on Trials (2d ed.), secs. 2, 463.

While the instruction complained of may not have aided the jury, it cannot be said that, when read in connection with instruction No. 9 given by the court, it could have misled them. Both of them were identical with instructions Nos. 8 and 9 given in the *McCue Case*, 103 Va. 870, 912, 1002, 49 S. E. 623, and held to be sufficient guides to the jury upon the subject of reasonable doubt.

The assignment of error based on the action of the court in refusing to set aside the verdict, because not sustained by the evidence, and for after-discovered testimony, need not be considered, since the judgment will have to be reversed, the verdict set aside, and a new trial granted, for the erroneous rulings of the court as hereinbefore discussed.

*Reversed.*