COLEMAN, Judge,
with whom BENTON and ELDER, JJ., join, dissenting, in part, and concurring, in part.
A panel of this Court reversed the defendant’s conviction for a second or subsequent offense of driving while intoxicated because the trial court erroneously ruled that the jury, rather than the trial judge, had to decide whether the defendant was “physically unable to submit to the breath test” and thereby entitled to a blood test as provided by Code § 18.2-268.2(B). See Bennett v. Commonwealth, 31 Va.App. 30, 520 S.E.2d 845 (1999). In support of its decision reversing the trial court, the panel set forth the dialogue between defense counsel and the judge at the hearing on the motion to dismiss that led up to the trial court’s erroneous ruling, ‘We will have to let the jury decide [that issue].”[2] Based upon that dialogue, the panel *351 concluded that the trial judge ruled that the issue was a factual question for the jury and, therefore, denied the motion to dismiss.
Now, a majority of the Court disregards the clear ruling of the trial judge by characterizing it as an “understandable] but perhaps erroneous[ ] [statement].” Inexplicably, the majority further holds that the trial judge “implicitly” ruled on the merits of the motion to dismiss and found that Bennett was not physically unable to submit to the breath test. The record contains not the slightest suggestion that the trial judge found that the defendant was not physically unable to submit to the breath test. The trial judge denied the motion to dismiss because he decided it was an issue for the jury, not because he decided the merits of the motion. Accordingly, I respectfully disagree with the majority’s opinion and dissent from that holding.[3]
I would reverse and remand to the trial court with directions for the court to conduct an evidentiary hearing on the motion to dismiss and to rule on that motion. If the trial court finds by a preponderance of the evidence that the defendant was able to submit to a breath test and denies the motion, the judgment of the jury should be reinstated. However, if the trial judge finds that the defendant was unable to *352 submit to the breath test and was denied a blood alcohol test, the motion to dismiss should be granted. See Lamay v. Commonwealth, 29 Va.App. 461, 476, 513 S.E.2d 411, 418 (1999).
The analysis in support of my dissent in this case is ably set forth in the panel’s opinion authored by Judge Willis, who has approved my adopting it verbatim:
The order reciting the proceedings on Bennett’s motion to dismiss states, in essential part:
Evidence and arguments of counsel having this day been presented on the defendant’s motion to dismiss these Appeals, the Court denies said motion.
******
“It is firmly established law in this Commonwealth that a trial court speaks only through its written orders.” Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996). Normally, in reviewing a trial court’s factual holding, we inquire whether the record contains credible evidence supporting that holding. Were that the standard of review to be applied in this case, we would affirm the trial court’s dismissal of Bennett’s motion. Officer Sheppard’s testimony sufficiently supported that ruling.
However, upon the record presented in this case, our first inquiry is to identify the trial court’s ruling. Its holding, embodied in the order, can be read fairly only in the context of its pronouncements from the bench. From the bench, the trial court made no ruling and directed the entry of no order addressing the merits of the motion. The order itself contains no recitation suggesting a ruling on the merits. Rather, the trial court stated plainly and repeatedly that it found the issues raised by the motion inappropriate for decision by it. It refused decision on those issues and reserved them for presentation to the jury, should Bennett so elect.[4] Plainly, the trial court’s dismissal of the motion was based not upon a *353 determination on the merits, but rather upon its refusal to entertain the motion as a preliminary matter. In so ruling, the trial court erred.
The credibility issue concerning compliance with Code § 18.2-268.2 was a question of fact preliminary to a ruling of law. This question necessarily required determination by the trial court. “Issues of fact are usually left to the jury, but there are strong reasons here for not doing so.” 6 McCormick on Evidence § 53 (Edward W. Cleary ed., 3rd ed. 1984). The motion to dismiss addressed whether the Commonwealth might prosecute the charge.
“Questions as to the competency or admissibility of testimony ... are referred to the decision of the judge. ‘As it is the province of the jury to consider what degree of credit ought to be given to evidence, so it is for the court alone to determine whether a witness is competent, or the evidence admissible. Whether there is any evidence is a question for the court; whether it is sufficient is for the jury. And whatever antecedent facts are necessary to be ascertained, for the purposes of deciding the question of competency— as, for example, whether a child understands the nature of an oath, or whether the confession of a prisoner was voluntary, or whether declarations offered in evidence as dying declarations were made under the immediate apprehension of death — those, and other facts of the same kind, are to be determined by the court, and not by the jury.’ ”
Mullins v. Commonwealth, 113 Va. 787, 791, 75 S.E. 193, 195-96 (1912) (citations omitted).
The action of the [trial] court in leaving evidence objected to provisionally to the jury, to be considered or rejected by them, as they might determine its admissibility or inadmissibility under the instruction given by the [trial] court, was not proper practice, as the jury has nothing to do with the admissibility of the evidence.
Id. See 7B Michie’s Jurisprudence, Evidence § 287 (1998). “The factual determinations which are necessary predicates to rulings on the admissibility of evidence and the purposes for *354 which it is admitted [as well as related questions] are for the trial judge and not the jury.” Rabeiro v. Commonwealth, 10 Va.App. 61, 64, 389 S.E.2d 731, 732 (1990). See also C. Friend, The Law of Evidence in Virginia, §§ 1-5 (4th Ed.1993). The same rule governs resolution of preliminary questions of fact underlying rulings of law by a trial court.
If the trial court believed Bennett, Code § 18.2-268.2 required dismissal of the charge. If, however, the trial court believed Officer Sheppard, the motion to dismiss should have been denied.
The trial court erred in refusing to determine the preliminary question of credibility and in refusing to rule on the merits of the motion to dismiss.
For these reasons, I dissent from the majority’s decision on the motion to dismiss and would reverse and remand with directions for the trial court to hear and rule upon the motion to dismiss.

. The following dialogue ensued between the trial court and defense counsel:
THE COURT: Do you have anything further? Do you want to be heard?
MR. DORAN (defense counsel): Yes, sir, just briefly. Judge, under 18.2268.2 [sic], the Commonwealth is required if the breath test is unavailable or if the individual is physically unavailable to take the breath test to administer the blood test. It’s an absolute requirement.
THE COURT: Isn’t that a jury question?
MR. DORAN: No, sir, I don’t think so.
THE COURT: How am I going to say that, the, the officer says he was blowing out the side of the mouth and at one time, he wasn’t blowing at all. Then, your client comes on and says, well, no, I tried but it didn’t work. What am I supposed to do?
MR. DORAN: I understand that there is a question of credibility there. If you choose to resolve against the defendant, you can certainly do that.
THE COURT: Well, isn’t it a jury question? Isn’t this something that a fact finder to decide?
*351 MR. DORAN: No, sir. It seems to me that the statute is mandatory and if there is sufficient indication, I think the standard of proof is on the probable cause. You may reject it and say that factually we have not laid the predicate for you to call into play the mandatory language of the statute. If you do that, it’s not much I can say except I appeal or otherwise. ,
THE COURT: Wait a minute. You are hanging your hat on the fact that he asked for a'blood test?
MR. DORAN: That is right.
THE COURT: The officer said he never asked for a blood test.
sjs
THE COURT: Isn’t this a jury question?
H* H* He * H*
THE COURT: We will have to let the jury decide. It’s not for me to decide. I can’t just do that. I’m not even going to tiy the case. I’m just going to sit here and watch you try the case.

. I concur in the majority’s opinion on "The Unavailable Witness.”

. These issues were not presented to the jury.