*576 ELDER, J.; with whom HALEY, J.,
joins, dissenting.
Because I believe the evidence as set out in the majority opinion fails to prove Clanton or any of his companions acted with the requisite intent to abduct the infant, I respectfully dissent.
As the majority recognizes, the Commonwealth was required to prove the infant “was seized or taken ‘with the intent to deprive [her] of [her] personal liberty or to withhold or conceal [her] from any person, authority or institution lawfully entitled to [her] charge.’ Code § 18.2-47.” The intent required to support a conviction for this offense, as for any other, may be proved by circumstantial evidence. Servis v. Commonwealth, 6 Va.App. 507, 524, 371 S.E.2d 156, 165 (1988). “Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided [the evidence as a whole] is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.” Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Whether a hypothesis of innocence is reasonable is a question of fact. Cantrell v. Commonwealth, 7 Va.App. 269, 290, 373 S.E.2d 328, 339 (1988).
On appeal, we must set aside a ruling based on a fact finder’s rejection of a hypothesis of innocence if we conclude as a matter of law, viewing the facts in the light most favorable to the Commonwealth, that the hypothesis of innocence was reasonable and that the fact finder’s rejection of it was plainly wrong. Where the circumstantial evidence, viewed in the light most favorable to the Commonwealth, “ ‘is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.’ ” Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (quoting Burton v. Commonwealth, 108 Va. 892, 899, 62 S.E. 376, 379 (1908)). Not only must the evidence be consistent with a finding that the accused acted with the intent required to support the charged crime; it must also exclude every reasonable hypothesis that the accused may have acted only with a different, non-culpable intent. Webb v. *577 Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963). When it is equally plausible that a “reasonable hypothesis of innocence” explains the accused’s conduct, evidence cannot be said to rise to the level of proof beyond a reasonable doubt, Haywood v. Commonwealth, 20 Va.App. 562, 567-68, 458 S.E.2d 606, 609 (1995), and the fact finder’s rejection of that reasonable hypothesis is plainly wrong.
Here, assuming the robbers’ act of moving an infant from one room to another during the course of a robbery might, standing alone, provide sufficient circumstantial proof of intent to support a conviction for abducting the infant, the Commonwealth’s evidence here, as recited by the majority, establishes more. This evidence indicates that Clanton and his companions did not move the infant from Debryant Mabry’s bedroom immediately after entering it, when they moved Simone Lewis. Instead, the infant was moved to the room to which Simone had been taken only after Debryant had repeatedly said his daughter was “in here,” in the bedroom where they were holding Debryant at gunpoint. Further, the robbers could reasonably have believed that by taking the infant to Simone, they were simply moving her from her father’s presence to her mother’s, based on her father’s request.[13] Thus, although the evidence does not compel a finding that Clanton and his companions moved the infant at Debryant’s request, one of several reasonable inferences flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that the robbers did, in fact, move the infant solely as a result of Debryant’s repeated references to the child’s presence in the room rather than solely as a result of any intent to *578 facilitate the robbery, or as a result of some combination of culpable and non-culpable intents.[14]
Whether Debryant intended his statements to cause the robbers to move the infant to another room or to cease the attack is not dispositive of the issue of what Clanton and his companions intended. Whether moving the infant to another room served to protect her also is not dispositive. The burden was on the Commonwealth to prove beyond a reasonable doubt that Clanton acted with the intent to abduct the infant and not upon Clanton to prove he acted virtuously or with any other non-criminal intent. What I conclude is dispositive is that the evidence, viewed in the light most favorable to the Commonwealth, supported at least one reasonable hypothesis that was consistent with Clanton’s innocence. Because I believe the trier of fact erred in arbitrarily rejecting that reasonable hypothesis of innocence, I would reverse and dismiss Clanton’s conviction for abduction. Thus, I respectfully dissent.

. Although the record indicates Simone was not the infant's mother, no evidence in the record provides any indication that Clanton or any of his companions knew this. Robinson v. Commonwealth, 228 Va. 554, 558, 322 S.E.2d 841, 843 (1984) (" '[A] man cannot be influenced or moved to act by a fact or circumstance of which he is ignorant.’ ” (quoting Mullins v. Commonwealth, 113 Va. 787, 790, 75 S.E. 193, 195 (1912))). Under the circumstances in which the robbers first found the infant—asleep in bed with Debryant and Simone—they might reasonably have concluded that the infant was Simone's child as well as Debryant's.

. Among the multiple reasonable inferences flowing from the evidence is that Clanton and his companions acted with both intents—to respond to Debryant’s repeated references to his daughter’s presence in the room as well as to facilitate the robbery. However, this does not negate the fact that another reasonable hypothesis flowing from the evidence is that Clanton acted with a single, non-culpable intent.