# Richmond

## Cecil Lyons v. Commonwealth of Virginia.

June 10, 1963.

Record No. 5604.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Harold B. Singleton,* for the plaintiff in error.

*W. P. Bagwell, Jr., Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

A grand jury for Amherst county on June 11, 1962, returned an indictment against the defendant, Cecil Lyons, which contained three counts. The first count was for manufacturing alcoholic beverages, a felony, Code § 4-57; the second was for having possession of a still, a misdemeanor, Code § 4-77; and the third for having possession of illegal alcoholic beverages, a misdemeanor, Code § 4-75.

On his trial a jury returned this verdict: "We the jury find Cecil Lyons guilty and fix his punishment at 6 months in jail and $100.00 fine," and he was sentenced accordingly. The punishment fixed was applicable under the statutes to the charge of felony, as well as to the charges of misdemeanor; but the one instruction given for the Commonwealth submitted to the jury only the charge of felony, the case was presented to us as a conviction for a felony and there was no evidence at all to support the misdemeanor charges apart from the charge of manufacturing.

The defendant was born December 13, 1944, and was sixteen years old on September 14, 1961, the date on which it was alleged that he committed the offense. He was seventeen years old at the date of his trial, June 25, 1962, and his first contention here is that the court erred in not trying him as a juvenile.

Section 16.1-176 of the Code provides that if a child* fourteen years of age or over is charged with an offense which would be a felony if committed by an adult, the juvenile court, after investigation and hearing, may retain jurisdiction or certify the child to the proper court of record. The record indicates that the defendant was so certified by the juvenile court to the circuit court and his attorney conceded that to be true in his argument before us. Section 16.1-177 of the Code provides that when the case is properly before the court of record the latter may sentence or commit the juvenile in accordance with the criminal laws, or may in its discre-

---

* A person less than eighteen years of age, Code § 16.1-141.

tion deal with the juvenile in the manner prescribed for cases in the juvenile court. There is no showing of any abuse of discretion by the trial court in this respect and there is no substance to this contention.

The defendant's next contention, that his conviction was not warranted by the evidence, is of substance. The evidence is stated in narrative form in the record. The Commonwealth's case rests entirely upon the testimony of Ronald Hayes, Investigator for the Alcoholic Beverage Control Board, the only witness for the Commonwealth, and who testified as follows:

On September 14, 1961, he and Investigators Matthews and Robertson were checking an illicit distillery on the property of a man named Carter, about three hundred yards from the home of a Mantiply family, near Glasgow, in Amherst county. As he and Robertson approached "the still site" from opposite sides, a dog started barking and ran down toward Robertson. Hayes saw two young boys "at the still site". He could not make out what they were doing but "they were moving within the still site". The boys stepped up on a high bank and from this position were observing. The indications were that they had observed Hayes, who was crouched behind a large bush, because they left and ran up to the Mantiply home.

One of these boys was tall and the other of medium height. Hayes did not get a view of the tall boy's face but did get a good view of the shorter boy. He came within forty or fifty feet of the boys. The next day he saw the boys at a service station and recognized them as the ones he had seen "at the still site". He arrested them both but later released the tall boy, whose name was Wayne Keith Mantiply, because he had some doubt whether he was the boy he had seen "at the still site". He said the defendant was wearing normal clothing and he, Hayes, knew he was the one he saw "at the still site". He had observed defendant from a distance of seventy-five or one hundred feet and from a distance of forty or fifty feet, and the boy who was being tried was one of the boys he had seen "at the still site".

That was all of the Commonwealth's evidence.

The defendant denied having any knowledge of the still and said he had never been at the still site. He testified that on the day of the alleged offense he helped his brother, Robert Lee Lyons, repair his car until after eleven o'clock that morning, and then he and

Wayne Mantiply left and walked to defendant's home at Phoenix, about five or five and one-half miles away, where they stayed until about 6 p.m. and then started walking back.

His testimony was corroborated by that of his brother, Robert Lee Lyons, and by Wayne Mantiply, Lester Wilson Lyons, another brother of defendant, and by defendant's mother.

The Commonwealth in its brief says that the case seems to turn on the question of whether Hayes was correct in his identification of the defendant. But more than that is involved.

Hayes testified only that he saw the defendant "at the still site". Presumably he meant he saw him at a place where there was a still. He did not describe the site or the still, nor did he say how far from the still the defendant was when he saw him. He did not say that he saw the defendant engaging in the manufacturing of alcoholic beverages, or doing anything connected with such manufacturing. And even more important, he did not testify that alcoholic beverages were being manufactured at a still at the still site.

Section 4-57 (b) of the Code provides that "Every person found at any distillery * * where alcoholic beverages are being manufactured" in violation of the law, "shall be deemed prima facie guilty of manufacturing the same or aiding and abetting in such manufacture * *.'"

In the absence of evidence that alcoholic beverages were being manufactured at the distillery where the Commonwealth's witness said the defendant was found, no prima facie case against the defendant was made, and no presumption of guilt arose, but the burden was on the Commonwealth to prove beyond a reasonable doubt that the defendant was engaged in the manufacture of alcoholic beverages at the time and place as charged against him.

In *Dotson v. Commonwealth*, 171 Va. 514, 199 S. E. 471, the same statute, then § 4675 (39) (b) of Michie's Code, 1936, was sought to be applied, but the officers did not see the defendant operating a still, nor did they see the still in operation, and defendant's conviction was reversed. The court said that where inferences are relied upon to establish guilt they must point to guilt so clearly that any other conclusion would be inconsistent therewith; that "There is no stronger presumption afforded than that an accused is presumed to be innocent, which cannot be overthrown except by proof of his guilt beyond a reasonable doubt."

Such proof was altogether lacking in this case, the verdict was

without evidence to support it and the judgment thereon must be reversed.

■ An additional matter may be noticed. The Commonwealth's attorney stated in his argument to the jury: "If you make a mistake the Court can correct it." The defendant objected and the court directed the jury to disregard the statement. The defendant contends that the court should have declared a mistrial because the instruction could not cure the wrong. The argument suggested that the jury need not necessarily proceed with care in reaching a verdict because the court would correct its error if it made one. It was incorrect and improper argument and should not have been made. Attorneys for the Commonwealth "should always remember whose commission they bear and should scrupulously respect the rights of the accused". *Martin* v. *Commonwealth*, 143 Va. 479, 485, 129 S. E. 348, 350; *Compton* v. *Commonwealth*, 190 Va. 48, 57, 55 S. E. 2d 446, 450.

The judgment below is reversed, the verdict of the jury is set aside and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*