**Norfolk**

CATHERINE L. FAIN

v.

COMMONWEALTH OF VIRGINIA

No. 1008-87-1

Decided February 7, 1989

COUNSEL

Randolph D. Stowe, for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Catherine L. Fain (appellant) appeals from a judgment of the Circuit Court of the City of Chesapeake (trial court) which approved her convictions by a jury of robbery and assault. Two issues are presented by this appeal: (1) whether the trial court erroneously denied appellant's motion for a mistrial based upon the prosecutor's statement during his closing argument that "one type of operating procedure of one type of crook is to become — to establish a relationship of sorts with the person of the opposite sex, be admitted — be admitted to their home;" and (2) whether the trial court erroneously failed to give a "curative cautionary" instruction when no request was made therefor.

In support of her motion, appellant asserts that there is no evidence in this record which supports the prosecutor's argument and, therefore, the quoted statement constitutes impermissible argument to the jury.

Viewed in the light most favorable to the Commonwealth an examination of the record reveals that appellant, a married woman who claimed to be separated from her husband, met one of the victims (Benson) in an after-hours club. They left the club together and went to an apartment that Benson shared with the

other victim (Mansfield). Appellant spent the night in the apartment with Benson. Approximately two weeks later appellant, her husband and another man appeared at the front door of the victims' apartment. When Mansfield opened the door he was confronted by appellant and the two men. Appellant inquired as to whether Benson was home. When she was told that he was not, appellant, her husband and the other man burst into the room. Each assaulted and participated in robbing Mansfield of his wallet which contained $170, his class ring, the keys and title to his van, and other articles belonging to Benson.

After appellant's motion for mistrial was denied, the prosecution next told the jury that "Miss Fain is the sort of person or crook if you will who in this case proceeded by worming her way into a relationship with the affections of one of the two parties involved, Mr. Jeff Benson, thereby gaining admittance into the house. She was able to case the joint, able to scout out what value there might be in that property and then return at a later time either when no one was there or in force so she could overcome the will and resistance of anyone that might have been there."

We hold that the use of slang words such as "crook," or Damon Runyon-like phrases such as "case the joint," are inappropriate in arguments to the jury. While we do not find that the trial court abused its discretion in denying the motion for mistrial, use of such words or phrases should be discouraged.

"Attorneys for the Commonwealth 'should always remember whose commission they bear and should scrupulously respect the rights of the accused.'" *Lynn v. Commonwealth*, 204 Va. 375, 379, 131 S.E.2d 407, 409-10 (1963). They may argue that the evidence shows that an accused is guilty; the argument, however, must be based on a statement of the evidence and not opinion. *Smith v. Commonwealth*, 207 Va. 459, 467, 150 S.E.2d 545, 550 (1966). While an argument to the jury which appeals to sympathy, passion or prejudice is not permitted, *Jones v. Commonwealth*, 196 Va. 10, 17, 82 S.E.2d 482, 486 (1954), zeal in the prosecution of criminal cases is to be commended and not condemned. *See State v. Kent*, 4 N.D. 577, 62 N.W. 631 (1895).

A rule to define when a mistrial should be granted when the evidence fails to support the argument is not easily formulated.

> If every immaterial assertion or statement which creeps into an argument were to be held ground for reversal, courts would be so much occupied in criticising [sic] the addresses of advocates as to have little time for anything else. Common fairness requires that courts should ascribe to jurors ordinary intelligence, and not to disregard their verdicts because counsel during the argument may have made some general statement not supported by the evidence. . . . It is the duty of the judge who presides at the trial to restrict the argument upon the facts to such as are established by or inferable from the evidence; but, in doing so, it is not his duty to abridge the freedom of the debate by preventing counsel from enforcing his argument by illustration or example. It is not always easy to draw the line between what is proper and what is improper. . . . To rigidly require counsel to confine themselves directly to the evidence would be a delicate task, both for the trial and the appellate court; and it is far better to commit something to the discretion of the trial court than to attempt to lay down or enforce a general rule defining the precise limits of argument. If counsel make material statements outside of the evidence which are likely to do the accused injury, it should be deemed an abuse of discretion and a case for reversal; but where the statement is a general one, and of a character not likely to prejudice the cause of the accused in the minds of honest men of fair intelligence, the failure of the court to check counsel should not be deemed such an abuse of discretion as to require a reversal.

*Seay v. Commonwealth*, 135 Va. 737, 743-44, 115 S.E. 574, 575-76 (1923). A number of Virginia cases have reversed convictions because of arguments made outside the evidence. *See, e.g., Jessie v. Commonwealth*, 112 Va. 887, 71 S.E. 612 (1911); *Mullins v. Commonwealth*, 113 Va. 787, 755 S.E. 193 (1912); *McCoy v. Commonwealth*, 125 Va. 771, 99 S.E. 644 (1919); *Artis v. Commonwealth*, 213 Va. 220, 191 S.E.2d 190 (1972). In each of these cases the Supreme Court found that the argument was likely to cause the defendant injury; thus the trial court abused its discretion when a mistrial was not declared. Here, we find no such abuse of discretion.

█ Whether the words used were prejudicial must be judged by a review of the totality of the evidence. *United States v. Bohr*, 581

F.2d 1294, 1301 (8th Cir.), *cert. denied*, 439 U.S. 958 (1978). The evidence reveals that the jury could have inferred that pursuant to a planned scheme — argued to be an "operating procedure" — appellant conspired with her companions and "wormed her way" into the victims' apartment, intending to commit robbery. Moreover, the punishment recommended by the jury and approved by the trial court was not excessive given the evidence contained in the record.

On this record we find no probability of substantial prejudice resulting from the words used to describe appellant and her acts. *Jackson v. Commonwealth*, 193 Va. 664, 676, 70 S.E.2d 322, 329 (1952); *Williams v. Commonwealth*, 188 Va. 583, 599, 50 S.E.2d 407, 415 (1948). In view of our finding on the first issue reviewed, we further find that the trial court did not abuse its discretion when it failed *sua sponte* to give a cautionary instruction. *Clanton v. Commonwealth*, 223 Va. 41, 54, 286 S.E.2d 172, 178 (1982). Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J. concurred.

Coleman, J. concurring,

I agree with the majority that the evidence was sufficient to support the Commonwealth's attorney's argument that the planned scheme was an "operating procedure of one type of crook" in which this defendant and her accomplices were engaged. Although the majority finds inappropriate in jury argument use of slang words such as "crook" or "case the joint," they do not find it grounds for reversal. In my view, the Commonwealth's attorney's characterizing the defendant who has engaged in a criminal scheme and robbery as a "crook" and describing her actions as "case the joint" is within the prosecutor's discretion, is wholly proper, and should be beyond our condemnation.