COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


MICHAEL L. THORNTON
                                                OPINION BY
v.   Record No. 0582-99-3         JUDGE RUDOLPH BUMGARDNER, III
                                            MARCH 14, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                    George E. Honts, III, Judge

            Ronald W. Vaught for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


    A jury convicted Michael L. Thornton of two counts of

distribution of more than one-half ounce but less than five

pounds of marijuana, three counts of distribution of less than

one-half ounce of marijuana, and one count of possession of

marijuana.  The convictions arose from separate sales to a

confidential informant, but all issues on appeal arise from only

one of the transactions.  The defendant contends that the trial

court erred (1) in admitting evidence of other crimes, (2) in

allowing the Commonwealth to make an improper rebuttal, and (3)

in failing to give a cautionary instruction.  Finding no error,

we affirm.

    A police special agent gave his informant $250 to purchase

an ounce of marijuana and a gram of either methamphetamine or

cocaine.  The informant went to the defendant's house and asked for those drugs.  After agreeing to the price, the defendant told the informant to leave the $250 and call him back in a day or two.  The defendant did not anticipate any problem filling the order.  Two days later the informant returned, but the defendant only gave him less than one-half an ounce of marijuana.  The defendant returned $200 in cash and remarked "that he'd had the other drugs available but had sold them the night before."

The defendant moved for a mistrial arguing the reference to having sold drugs the night before was evidence of other crimes, inadmissible, and highly prejudicial.  The trial court overruled the motion stating that the evidence was "all parts and parcel of the same transaction."

"Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence 'sanitized' so as to deny the jury knowledge of all but the immediate crime for which he is on trial."  Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984).  "The fact-finder is entitled to all of the relevant and connected facts," including those which occurred before or after the crime charged, "even though they may show the defendant guilty of other offenses."  Id. at 526-27, 323 S.E.2d at 577 (citations omitted).  See Kirkpatrick

v. Commonwealth, 211 Va. 269, 276, 176 S.E.2d 802, 807-08 (1970).

The evidence established, without objection, that the informant gave the defendant $250 for marijuana and either methamphetamine or cocaine. The defendant agreed to provide those drugs. Two days later, the defendant produced the marijuana but returned $200 in cash. The witness explained what happened when he met with the defendant and received only part of what he had ordered and the return of most of his purchase money. He recounted the defendant's explanation as part of an uninterrupted narrative of their meeting. The defendant's statement that he had sold the other drugs the night before explained why he did not complete the sale as arranged. It was intimately connected with and arose out of the same transaction for which the defendant was on trial. The Commonwealth was entitled to explain that transaction.

Evidence of other crimes, which are "so intimately connected and blended with facts proving the commission of the offense charged," may be admissible because "it cannot be separated with propriety." Sutphin v. Commonwealth, 1 Va. App. 241, 246, 337 S.E.2d 897, 899 (1985) (citations omitted). The probative value of that evidence explaining the defendant's conduct and completing the story of the transaction "outweighed any incidental prejudice to [the defendant] in the form of evidence that [the defendant] may have been involved in other

drug distributions."  Newton v. Commonwealth, 29 Va. App. 433,
454, 512 S.E.2d 846, 856 (citing Scott, 228 Va. at 526-27, 323
S.E.2d at 577), cert. denied, 120 S. Ct. 540 (1999).

The defendant also contends that the trial court erred in
permitting the Commonwealth to make improper argument during
rebuttal argument.  The defendant was charged with two felonies
and four misdemeanors but the total quantity of marijuana sold
was only 1.78 ounces.  Throughout the trial, the defense
maintained the offense was not serious because the total
quantity sold was small.  In his closing argument, he again
stressed the total quantity involved, an eighth of a pound, and
he urged the jury "to put things in perspective."

To that argument, the Commonwealth responded that each time
the informant sought to buy marijuana the defendant possessed it
and sold it to him.  The Commonwealth noted that the amount of
money the informant offered determined the amount of marijuana
sold.  It pointed out that as the request increased in value the
defendant provided the greater amounts.  Breaking into
hyperbole, the Commonwealth concluded, "I guarantee you if they
had $1,000 to buy pot with and go see [the defendant], they'd
have gotten $1,000 worth of pot . . . . So the quantity is based
on what we had when we started out.  If we'd had $1,000, we'd be
talking about pounds."

The defendant objected that the Commonwealth was arguing a
hypothetical situation and that it was inappropriate for the

Commonwealth to speculate about $1,000 worth of drugs. The trial court ruled that the Commonwealth was "within bounds" but asked him to "move off of it [because] [i]t could become argumentative," and the Commonwealth moved to a different argument.

The trial court has broad discretion to determine whether a closing argument is inappropriate. See Canipe v. Commonwealth, 25 Va. App. 629, 639, 491 S.E.2d 747, 751-52 (1997); Fain v. Commonwealth, 7 Va. App. 626, 629, 376 S.E.2d 539, 540-41 (1989). The trial court's exercise of its discretion will not be disturbed on appeal unless the record affirmatively shows that it has been abused and that the defendant has been prejudiced. See Canipe, 25 Va. App. at 639, 491 S.E.2d at 752; Novak v. Commonwealth, 20 Va. App. 373, 392, 457 S.E.2d 402, 411 (1995); Hernandez v. Commonwealth, 15 Va. App. 626, 636-37, 426 S.E.2d 137, 143 (1993).

Upon a review of the record, we conclude that the trial court did not abuse its discretion in overruling the objection to the Commonwealth's rebuttal. The defendant has not alleged, nor is there any evidence, that he was prejudiced by the remark. The Commonwealth's argument that the amount of marijuana purchased was dictated by the amount of money the informant had to offer directly responded to the defendant's primary contention. Immediately upon ruling, the trial judge suggested that the Commonwealth move to a different argument, and the

Commonwealth, realizing the suggestion was imperative, abandoned the topic.  The trial court's handling of the objection was an appropriate exercise of discretion.  Because the trial court did not err, we need not address the argument that the trial court failed to give a cautionary instruction.

Accordingly, we affirm the defendant's convictions.

<u>Affirmed.</u>