*639 HUMPHREYS, J.,
concurring, in part, dissenting, in part, and dissenting from the judgment.
I agree that evidence relating to three of the defendant’s “other crimes” was inadmissible during Young’s criminal trial. However, because I believe that the cautionary instructions were sufficient to cure any incidental prejudice that may have resulted from the inadvertent disclosure of these “other crimes,” I would hold that the trial court did not abuse its discretion in allowing the videotaped confession to be played to the jury. Accordingly, I would affirm both the conviction and the defendant’s resulting life sentence.
Initially, I would hold that Young’s confession that he used the money from the Check ‘n’ Go robbery to purchase “a little bit of drugs ... little bit of crack ... [and a] little bit of heroin” was both relevant and admissible, and, thus, I would hold that the trial court did not abuse its discretion in determining that the probative value of this statement outweighed its potential prejudical effect.
It is well established that, in a criminal prosecution, evidence that shows or tends to show that the defendant is guilty *640 of other crimes, even if of the same nature as those charged in the indictment, is inadmissible for the purpose of showing that the accused was likely to commit the crime charged in the indictment. See Scates v. Commonwealth, 262 Va. 757, 761, 553 S.E.2d 756, 758-59 (2001); Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). “The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of ‘criminal propensity,’ thus preserving the ‘presumption of innocence.’ ” Crump v. Commonwealth, 13 Va.App. 286, 289, 411 S.E.2d 238, 240 (1991) (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).
However, “[e]vidence of other crimes, which are ‘so intimately connected and blended with facts proving the commission of the offense charged may be admissible because it cannot be separated with propriety.’ ” Thornton v. Commonwealth, 31 Va.App. 825, 829, 525 S.E.2d 646, 648 (2000) (quoting Sutphin v. Commonwealth, 1 Va.App. 241, 246, 337 S.E.2d 897, 899 (1985)). That is, “[w]here a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence ‘sanitized’ so as to deny the jury knowledge of all but the immediate crime for which he is on trial.” Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984). Further, “[t]he fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses.” Id.
I would hold that Young’s confession that he bought illegal drugs with the money he stole from the Check ‘n’ Go is admissible because this “other crime” was “continuous and interwoven” and “intimately connected” with the crime for which he was on trial. Also, Young’s confession to purchasing drugs with the stolen money has probative value because it tends to establish that Young did, in fact, commit the crime charged. Specifically, the fact that Young used the proceeds of the robbery to purchase illegal drugs is probative because it *641 tends to establish that Young had a motive for committing the robbery. See, e.g., Sutphin, 1 Va.App. at 245, 337 S.E.2d at 899 (noting that “other crimes” evidence is admissible “to prove motive to commit the crime charged”); see also Rose v. Commonwealth, 270 Va. 3, 10, 613 S.E.2d 454, 457 (2005) (noting that “other crimes” evidence is “ ‘permissible in cases where the motive ... of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial’ ” (quoting Commonwealth v. Minor, 267 Va. 166, 172, 591 S.E.2d 61, 65 (2004))); Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998) (“[E]vidence of other crimes is allowed when it tends to prove motive, intent, or knowledge of the defendant.”).
Moreover, although revealing the illegal drug transaction would have some incidental prejudicial effect, I would further hold that the trial court did not abuse its discretion by determining that the probative value of this statement outweighed its potential prejudicial effect. See generally Rose, 270 Va. at 11, 613 S.E.2d at 458 (“Admission of evidence of other crimes committed by a defendant ... is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice to the defendant.”). The mere fact that this statement tends to show that Young purchased illegal drugs does not negate its relevance as to the crime charged, nor, in my opinion, does it automatically render that evidence unfairly prejudicial. Thus, I would hold that the trial court did not clearly abuse its discretion in concluding that the probative value of the statement outweighed its potential prejudicial effect. See Thornton, 31 Va.App. at 829, 525 S.E.2d at 647-48 (holding that the trial court did not err in admitting the “defendant’s statement that he had sold the other drugs the night before” because that statement “was intimately connected with and arose out of the same transaction for which the defendant was on trial,” further noting that “[t]he probative value of [ ] evidence explaining the defendant’s conduct and completing the story of the transaction ‘outweighed any incidental prejudice to [the defen *642 dant]’ ” (quoting Newton v. Commonwealth, 29 Va.App. 438, 454, 512 S.E.2d 846, 856 (1999)) (second alteration in original)).
In sum, because the Commonwealth introduced evidence of the drug transaction as part of a continuous course of events, rather than “for the prohibited purpose of showing a predisposition on the part of the accused to commit crime,” Glover v. Commonwealth, 3 Va.App. 152, 161, 348 S.E.2d 434, 441 (1986), I would hold that this statement is both relevant and admissible.
I agree, however, with the majority’s conclusion that the remaining “other crimes” evidence was inadmissible.[11] I also agree with the general principle that, in some circumstances, a cautionary instruction is insufficient to cure the prejudice that may have been caused by the inadvertent disclosure of inadmissible, “other crimes” evidence. However, in those circumstances, the defendant’s appropriate remedy is to move for a new trial. See Terry v. Commonwealth, 5 Va.App. 167, 168-69, 360 S.E.2d 880, 880-81 (1987) (“[I]f the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, the defendant is entitled to a new trial.”); see also Maxey v. Hubble, 238 Va. 607, 385 S.E.2d 593 (1989); Mills v. Commonwealth, 24 Va.App. 415, 482 S.E.2d 860 (1997). Young never moved for a mistrial or for a new trial. Moreover, Young affirmatively requested, on at least one occasion, that the trial court instruct the jury to disregard these statements. Because Young both consented to the issuance of the cautionary instructions and neglected to move for a new trial, *643 I would hold that Young cannot now argue that the jury was so prejudiced by its exposure to the “other crimes” evidence that his conviction should be reversed.[12]
The majority concludes, however, that the trial court abused its discretion by “expos[ing] the jury to inadmissible evidence” and then “attempt[ing] to cure the error by giving cautionary instructions.” In effect, then, the majority holds that the trial court erred in failing, sua sponte, to set aside the verdict and grant a new trial. Neither this Court nor the Virginia Supreme Court has ever held that the trial court automatically abuses its discretion when the jury hears inadmissible evidence, the trial court issues a requested cautionary instruction, but the trial court then fails to grant a mistrial, sua sponte. Thus, I believe the majority’s approach represents an unwarranted and unprecedented extension of existing Virginia law.[13]
*644 As the majority recognizes, “[o]nce a jury is instructed regarding the use or limitations placed upon specific evidence, they are presumed to follow such instructions.” Lewis v. Commonwealth, 8 Va.App. 574, 580, 383 S.E.2d 736, 740 (1989). Thus, “[generally, a trial court may cure errors arising from improperly presented evidence by immediately instructing the jury to disregard that evidence.” Terry, 5 Va.App. at 168-69, 360 S.E.2d at 880-81. Under the circumstances of this case, the trial judge cautioned the jury to disregard the evidence relating to these other incidents on at least four separate occasions. Because the jury is presumed to have followed these cautionary instructions, in the absence of any motion for a mistrial, I would hold that the trial judge’s numerous admonitions to the jury to disregard the other crimes evidence were sufficient to cure any incidental prejudice that may have been caused by the inadvertent disclosure of this information. See id.
For these reasons, I would affirm the judgment below. Accordingly, I respectfully dissent.

. The remaining statements consisted of: (1) the discussion during which the investigator asked, “What brings you all the way to Martins-ville and Henty County," Young responded, "Exactly what I got caught for today," the detective then asked if Young was caught because of "drugs,” and Young responded, "Yeah”; (2) Young’s statement that he "got caught redhanded at this particular job”; and (3) the discussion during which Young stated that "the authorities here in Henry County, they’re thinking I'm a serial robber, you know ... this is my first time doing a armed robbery. I had a robbery charged back in the day, but there was no weapon used,” the investigator then asked whether it was "a common law robbery,” and Young responded, "Common law ... yeah, yeah.”

. I also disagree with the majority's characterization of the Commonwealth’s disclosure of the “other crimes” evidence as “deliberate." For example, the record is clear that, on at least one of these three occasions, the Commonwealth — rather than the trial court or the defendant — stopped the tape when the “other crimes" evidence was first mentioned. But even if the Commonwealth deliberately paraded this evidence before the jury, the defendant’s appropriate remedy would be to move for a mistrial or for sanctions against the Commonwealth.

. I note that, of the three cases cited by the majority in support of its position, two involved the reversal of the trial court’s denial of a new trial. See Maxey, 238 Va. at 616, 385 S.E.2d at 597 (holding that the defendant’s “motion for a new trial should have been granted”); Mills, 24 Va.App. at 420, 482 S.E.2d at 862 ("The sole issue is whether the trial court erred by refusing to grant a mistrial after the Commonwealth's principal witness interjected incompetent and inadmissible evidence into the trial during cross-examination."). Both of those cases are, therefore, readily distinguishable. In the third case, Powell v. Commonwealth, 13 Va.App. 17, 409 S.E.2d 622 (1991), this Court held that a cautionary instruction was insufficient to cure the prejudice to the defendant where the trial court affirmatively and improperly allowed the Commonwealth to use other crimes evidence to impeach the defendant during cross-examination, and the court then “gave a cautionary instruction which told the jury that the evidence of other offenses could only be considered for impeachment of the defendant and could not be considered as evidence of guilt or in assessing punishment.” Id. at 27, 409 S.E.2d at 628. In Powell, then, the trial court affirmatively admitted the "other crimes" evidence and then *644 instructed the jury that it should only consider that evidence for a limited purpose. Here, in contrast, the trial court did not affirmatively admit the "other crimes” evidence, instead informing the jury that it could not consider that evidence for any purpose. Accordingly, I believe that Powell is also distinguishable and fails to support the majority’s position.