COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

PUBLISHED

TIMOTHY DUCHARME

OPINION BY
v.      Record No. 0706-18-4                    JUDGE ROSEMARIE ANNUNZIATA
                                                AUGUST 6, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge


Charles B. Ramsey for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A jury found Timothy Ducharme, appellant, guilty of using a communication device to

solicit a minor for the production of child pornography, in violation of Code § 18.2-374.3(B),[1]

and imposed a fine of $2,500.[2] Appellant argues on appeal that the trial court erred in denying

the motion to suppress evidence found on his cell phone and in instructing the jury regarding

proof of the victim's age. For the following reasons, we affirm appellant's conviction.

BACKGROUND

Appellant, then twenty-one years of age and a Marine stationed at Quantico, met the

victim, C.R., through an online dating website in February 2016. C.R. testified at trial that a

_____

[1] The indictment and the court's orders stated that appellant was charged and convicted
under Code § 18.2-374.3, but in response to defense counsel's query at the beginning of trial, the
prosecutor said that he was proceeding under subsection B of the statute.

[2] The trial court granted appellant's motion to strike a charge of possessing child
pornography, and the jury found appellant not guilty of contributing to the delinquency of a
minor.

friend had established the account without her permission and had represented that C.R. was eighteen years old. C.R., in fact, was fifteen years old.[3] Appellant and C.R. exchanged phone numbers and began sending text messages.

On April 2, 2016, appellant drove to Shenandoah County to "hang out" with C.R. However, before they met, C.R. sent him a text message that she was "only 16," and she apologized for lying about her age. Appellant responded that they could be friends and offered to meet with C.R. and her parents, but she said that meeting was not "a good idea." Appellant replied, "That's fine. Take care of yourself sweetheart, it was nice getting to know you a little bit. You're a great person. I am leaving now."

On April 3, 2016, C.R. sent appellant a text asking him to call her. Appellant testified that during the ensuing phone conversation, C.R. told him that she was eighteen years old but had said that she was sixteen because she was nervous about meeting him. At trial, C.R. denied telling appellant that she was eighteen, but she acknowledged that they had resumed texting each other.

In several messages on April 11, 2016, appellant asked C.R. to send him "sexy" pictures of herself. Appellant asked C.R., "Baby are you gonna show me how sexy you are in the bathtub?" He said that he "want[ed] to see everything." C.R. sent appellant two photographs of her breasts and genitalia. Appellant replied that C.R. had "beautiful legs," and "adorable" genitalia.

Appellant returned to Shenandoah County about 3:00 a.m. on April 17, 2016, and spent two hours with C.R. in his truck, parked outside her grandparents' home. Before appellant arrived, C.R. sent him text messages that she was eager to meet him. She also sent him a

---

[3] C.R. was born in July 2000.

message that said, "I hope if it's okay if we don't have sex tonight but we can do other stuff."

C.R. testified that appellant put his penis in her mouth, but appellant denied doing so.

C.R. reported her relationship with appellant to Investigator Robert Poe of the Shenandoah County Sheriff's Office on April 18, 2016. Although she did not know appellant's full name, she provided enough identifying information for law enforcement authorities to determine that appellant was a Marine stationed at Quantico.

Special Agent Gabriel Henson of the Naval Criminal Investigative Service (NCIS) prepared an affidavit under oath on April 19, 2016, requesting a "Command Search Authorization," the military equivalent of a search warrant, to search appellant's residence and his cell phone. The affidavit recited Henson's training and experience and C.R.'s allegations against appellant. Military procedure for obtaining authorization to search required that appellant's immediate commanding officer, or in his absence, a higher ranking officer in the chain of command, make a finding of probable cause. Appellant's immediate commander was not on base, so Henson gave his affidavit to the military attorney assigned to the general in the chain of command. The attorney privately discussed the affidavit with the general by video teleconference and also emailed him the affidavit. After the general authorized the search, Henson acquired appellant's cell phone, extracted the contents, and gave the information to Investigator Poe.

Appellant then was indicted, tried, and convicted in the Shenandoah County Circuit Court. This appeal followed.

ANALYSIS

Motion to Suppress

Appellant moved to suppress the evidence extracted from his cell phone on the grounds that the evidence was obtained without a search warrant or his consent. Appellant argued that

because he was being tried in a state court rather than a military tribunal, local law enforcement officers should have sought a civilian search warrant rather than using military procedures. Appellant also argued that the general and his attorney who had reviewed the authorization to search had not been "neutral and detached," as required by the Fourth Amendment. In support of his argument, appellant noted that paragraph four of the affidavit referred to a different defendant, a different victim, and a different crime. Special Agent Henson testified at the suppression hearing that paragraph four contained typographical errors but that the other parts of the affidavit correctly referred to appellant. While acknowledging that the errors in paragraph four were unintentional, appellant contended that the affidavit was not reviewed carefully because the errors were either not noticed or not corrected.

Following a hearing on the motion, the trial judge requested that the parties submit briefs addressing whether military rules of evidence would apply in a state court case, whether the exclusionary rule applied in a military tribunal,[4] and whether a commanding officer "occup[ied] the same place as a neutral detached magistrate if we're applying the [F]ourth [A]mendment." After reviewing the briefs, the trial court denied the motion to suppress. The court concluded that appellant had subjected himself to the code of military justice by voluntarily entering the Marine Corps and that there had been no showing that the applicable military procedure to authorize the search had not been followed.

On appeal, appellant argues that military procedures for obtaining a search warrant should not have applied in his case because he was tried in state court and the search warrant should have been obtained by a state police officer from a state court judge. He also argues that the affidavit prepared by Special Agent Henson was not reviewed by a neutral and detached

---

[4] Special Agent Henson told the trial judge that the exclusionary rule applied in military tribunals. See Mil. R. Evid. 311(b)(3)(C); United States v. Chapman, 954 F.2d 1352, 1373 n.45 (7th Cir. 1992).

- 4 -

magistrate because the general reviewing the affidavit did not catch the "cut and paste" typographical error.

However, appellant cites no authority to support his arguments. The analysis section of the argument in his opening brief consists of two paragraphs of conclusory statements, his argument makes no claim that his "Fourth Amendment rights were violated because . . . .," and his only reference to the Fourth Amendment is found in two quotations from cases stating the applicable standard of review.

The trial court's ruling is presumed to be correct, and appellant must show that reversible error occurred. See Motley v. Commonwealth, 17 Va. App. 439, 440-41 (1993). Rule 5A:20(e) requires that appellant's argument "includ[e] principles of law and authorities." "The appellate court is not a depository in which the appellant may dump the burden of argument and research." Fadness v. Fadness, 52 Va. App. 833, 850 (2008). Appellant's "failure to provide legal argument and authority as required by Rule 5A:20 leaves [this Court] without a legal prism through which to view his alleged error." Bartley v. Commonwealth, 67 Va. App. 740, 746 (2017) (describing appellant's argument as consisting "solely of conclusory statements unsupported by any legal analysis or authority"); see Mitchell v. Commonwealth, 60 Va. App. 349, 353 (2012) (finding that appellant's citing one case and one statute was "insufficient to satisfy Rule 5A:20"). Because appellant failed to provide the required legal authority, we find his argument on this assignment of error is waived. See Baugh v. Commonwealth, 68 Va. App. 437, 442 n.3 (2018); Bartley, 67 Va. App. at 746; see also Jeter v. Commonwealth, 44 Va. App. 733, 740-41 (2005) (holding that arguments cannot be developed for the first time in a reply brief or at oral argument). Accordingly, we affirm the trial court's denial of the motion to suppress.

<u>Jury Instruction</u>

"Whether to give or deny jury instructions 'rest[s] in the sound discretion of the trial court.'" <u>Hilton v. Commonwealth</u>, 293 Va. 293, 302 (2017) (quoting <u>Cooper v. Commonwealth</u>, 277 Va. 377, 381 (2009)). However, this Court reviews *de novo* whether an instruction "accurately states the relevant law." <u>Sarafin v. Commonwealth</u>, 288 Va. 320, 325 (2014). In reviewing jury instructions, the Court's responsibility is "to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." <u>Darnell v. Commonwealth</u>, 6 Va. App. 485, 488 (1988) (quoting <u>Swisher v. Swisher</u>, 223 Va. 499, 503 (1982)).

The jury instruction the Commonwealth offered required the jury to find beyond a reasonable doubt that appellant "*knew, or had reason to believe*, that [C.R.] was less than eighteen (18) years of age at the time [of the offense]." (Emphasis added). Appellant's proffered instruction required the jury to find that appellant "*knew* that [C.R.] was less than eighteen (18) years of age at the time [of the offense]." (Emphasis added).

Both proffered instructions were based on the model jury instruction for a prosecution under Code § 18.2-374.3(C), which proscribes a person eighteen years of age or older using a communications system to solicit, "with lascivious intent, any person he knows or has reason to believe is a child younger than fifteen years of age" to commit certain enumerated sexual acts. The commentary for the instruction states that it must be modified if the defendant is charged under Code § 18.2-374.3(B). <u>See</u> Model Jury Instr. Crim. No. 29.450. The commentary provides no guidance for modification, but any instruction must fit the applicable statutory language and the evidence presented at trial.

Code § 18.2-374.3(B) states:

> It is unlawful for any person to use a communications system, including but not limited to computers or computer networks or

bulletin boards, or any other electronic means for the purposes of procuring or promoting the use of a minor for any activity in violation of § 18.2-370 or 18.2-374.1. A violation of this subsection is a Class 6 felony.

Section 18.2-374.3(B) is one part of a statute that also proscribes using a communications system for the purposes of soliciting a child, but defines "a child," by reference to certain ages. Code § 18.2-374.3. Convictions based on the remaining subsections are premised on proof the perpetrator "knows" the age of the subject of the prohibited communications or has a "reason to believe" the subject of the solicitation is a child.[5] They differ from Code § 18.2-374.3(B) in that one latter respect, as appellant points out on appeal.

---

[5] Code § 18.2-374.3(C) states:

It is unlawful for any person 18 years of age or older to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age to knowingly and intentionally:

1. Expose his sexual or genital parts to any child to whom he is not legally married or propose that any such child expose his sexual or genital parts to such person;

2. Propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child;

3. Propose to such child the performance of an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus or any act constituting an offense under § 18.2-361; or

4. Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any purposes set forth in the preceding subdivisions.

Any person who violates this subsection is guilty of a Class 5 felony. However, if the person is at least seven years older than the child he knows or has reason to believe is less than 15 years of age, the person shall be punished by a term of imprisonment of not

- 7 -

Appellant argues that the trial court should have given his instruction because he was prosecuted under Code § 18.2-374.3(B). He reasons that because the other subsections of Code § 18.2-374.3 require proof the defendant "knows or has reason to believe" the child victim is of a specified age, and subsection B does not, the General Assembly intended that actual knowledge of the child victim's age is required proof under subsection B.[6] We disagree.

less than five years nor more than 30 years in a state correctional facility, five years of which shall be mandatory minimum term of imprisonment. Any person who commits a second or subsequent violation of this subsection when the person is at least seven years older than the child he knows or has reason to believe is less than 15 years of age shall be punished by a term of imprisonment of not less than 10 years nor more than 40 years, 10 years of which shall be a mandatory minimum term of imprisonment.

Code § 18.2-374.3(D) states:

Any person who uses a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any child he knows or has reason to believe is at least 15 years of age but younger than 18 years of age to knowingly and intentionally commit any of the activities listed in subsection C if the person is at least seven years older than the child is guilty of a Class 5 felony. Any person who commits a second or subsequent violation of this subsection shall be punished by a term of imprisonment of not less than one nor more than 20 years, one year of which shall be a mandatory minimum term of imprisonment.

Code § 18.2-374.3(E) states:

Any person 18 years of age or older who uses a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting any person he knows or has reason to believe is a child younger than 18 years of age for (i) any activity in violation of § 18.2-355 or 18.2-361, (ii) any activity in violation of § 18.2-374.1, or (iii) a violation of § 18.2-374.1:1 is guilty of a Class 5 felony.

[6] When Code § 18.2-374.3 was amended in 2007, the language in then-existing subsection A became current subsection B, but was not otherwise modified, and the language

Since each subsubsection of Code § 18.2-374.3 addresses the same subject matter, viz., the "[u]se of communications systems to facilitate certain offenses involving children," they must be construed and considered together. See Alston v. Commonwealth, 274 Va. 759, 769 (2007); Prillaman v. Commonwealth, 199 Va. 401, 406 (1957). "This requires that '[t]he literal meaning of separate provisions, if in apparent conflict[,] . . . must yield to a reasonable and fair interpretation to be gathered from the context, the subject matter and the reason and spirit of the law.'" Colbert v. Commonwealth, 47 Va. App. 390, 395 (2006) (quoting Buzzard v. Commonwealth, 134 Va. 641, 653 (1922)).

As appellant points out, Code § 18.2-374.3(B) does not include the "knows or has reason to believe" language that appears in the remaining subsections of the statute. However, in construing the intent of the legislature, ["w]e do not isolate particular words or phrases but rather examine a statute in its entirety." Colbert, 47 Va. App. at 395. "We have a 'duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" Id. (quoting Virginia Elec. & Power Co. v. Bd. of Cty Supervisors, 226 Va. 382, 387-88 (1983)). Further, as applicable here, "we must keep in mind 'the evil sought to be corrected by the legislature.'" Id. (quoting Southern Ry. Co. v. Commonwealth, 205 Va. 114, 117 (1964)).

Bearing these principles in mind, we review Code § 18.2-374.3(B) and draw its meaning from the context of a statute that makes the use of communications systems to facilitate certain offenses involving children a crime. This Court has previously noted that the purpose behind this portion of Code § 18.2-374.3 is to criminalize "the knowing use of a communications system to solicit a minor for certain criminal acts," but "does not require the solicitation of an actual minor." Podracky v. Commonwealth, 52 Va. App. 130, 138, 141 (2008). See also

in then-existing subsection B was included in current subsections A, C, and E. See 2007 Va. Acts ch. 759, 823.

Commonwealth v. Murgia, ___ Va. ___, ___ (May 16, 2019) (holding that in a prosecution under Code § 18.2-374.3(D), "the Commonwealth was not required to prove that [the defendant] actually committed a crime of solicitation, only that he used a communications system for the purpose of soliciting the act"); Huffman v. Commonwealth, 222 Va. 823, 827 (1981) (quoting Cherry v. State, 306 A.2d 634, 637-38 (Md. App. 1973) ("It is immaterial whether the solicitation is of any effect and whether the crime solicited is in fact committed. . . . The gist of [the] offense is incitement.")). The legislature's intent was "to protect children from people who would take advantage of them *before* the perpetrator could commit a sexual assault on an actual child." Dietz v. Commonwealth, 294 Va. 123, 135 (2017) (quoting Grafmuller v. Commonwealth, 57 Va. App. 58, 65 (2010)) (emphasis in original). In short, it is "the defendant's solicitation . . . from a person that he believes is a child [that] constitutes the behavior that the legislature intended to prohibit." Podracky, 52 Va. App. at 142.

The legislature's intent inheres in all subsections of Code § 18.2-374.3 and supports the conclusion that, under Code § 18.2-374.3(B), proof the defendant "has reason to believe" the subject of the solicitation is a child is an alternative finding that the trier of fact may make to sustain a conviction. This construction is consistent with the language used in the remaining provisions of the statute and reflects the legislature's intent.

Accordingly, we find that the jury instruction offered by the defendant improperly limited the Commonwealth's proof to showing the defendant "knows" the age of the subject of his solicitation. As such it "would contravene the intention of the Legislature apparent from the other sections and provisions [of the statute]." Pound v. Dep't of Game and Inland Fisheries, 40 Va. App. 59, 68 (2003) (quoting Tabb v. Commonwealth, 98 Va. 47, 56-57 (1900)). That intent is to make it an offense and punish the 1) use of communications systems 2) for the purposes of facilitating certain offenses involving children, and that makes "[t]he actual age of the recipient

of the offending communication . . . irrelevant." Grafmuller, 57 Va. App. at 63-64 (addressing convictions of solicitation under Code § 18.2-374.3(C) and concluding it is sufficient if the perpetrator had reason to believe the subject was a child).

We, thus, find the trial court did not err in refusing appellant's proffered jury instruction and giving the Commonwealth's instruction instead.

Further, the Commonwealth's jury instruction was supported by the evidence in the case. C.R. was born in July 2000 and thus was fifteen years old, and a minor, in April 2016. Although her internet profile indicated that she was eighteen years old, when C.R. told appellant that she was "only" sixteen years old, he responded that they could still be friends and suggested meeting with her parents to get their approval. He did not insist on continuing the relationship when C.R. did not agree to his meeting her parents. The reasonable inference from his text messages, which he did not deny sending, is that he knew or reasonably believed C.R. was a minor. By choosing to re-initiate contact with C.R. after she asked him to call her, appellant "act[ed] at his peril in regard to her being [a minor]." Lawrence v. Commonwealth, 71 Va. 845, 855 (1878) (holding that defendant's mistaken belief that the eleven-year-old-victim was over the age of consent, no matter how formulated, was not a defense to the charge of rape).

CONCLUSION

We find that appellant's failure to comply with Rule 5A:20(e) waives his argument regarding the motion to suppress. We also find that the trial court did not err in instructing the jury. Thus, we affirm appellant's conviction.

Affirmed.