COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Chaney and Lorish
Argued at Salem, Virginia


AMANDA MICHELLE TERRY

MEMORANDUM OPINION[*] BY
v.      Record No. 0889-23-3            JUDGE VERNIDA R. CHANEY
SEPTEMBER 24, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Carlos A. Hutcherson for appellant.

Rachel A. Glines, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted Amanda Michelle Terry of driving under the influence. Code § 18.2-266.

She assigns four[1] errors to the trial court on appeal. First, allowing the Commonwealth to argue that

a conviction could be based on a finding that a combination of drugs and alcohol impaired her

driving. Second, issuing a jury instruction to that effect. Third, allowing the Commonwealth to

argue that her poor performance on the horizontal gaze nystagmus (HGN) test indicated her driving

abilities were impaired. Finally, denying her motion to set aside the verdict and for a new trial.

Finding no error, this Court affirms the trial court's judgment and dismisses Terry's appeal of the

ruling on her post-trial motion.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Terry's designation asserts three assignments of error. The first assignment, however,
has two components.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Around 1:00 a.m. on March 19, 2022, Deputy Sheriff E. Hagner observed Terry driving erratically on Route 460, drifting over the broken center line repeatedly. Terry's movements were recorded on Hagner's dash camera. When Hagner activated his lights, Terry stopped, but she did not pull off the highway completely. After speaking with Terry, Hagner ordered her out of her car. The encounter between Hagner and Terry was captured on Hagner's dashboard camera, which was introduced as an exhibit at trial.

As Hagner spoke with Terry, he smelled alcohol in the vehicle. Terry admitted that she had consumed three beers before driving. Hagner had Terry perform several standard field sobriety tests, or SFSTs. Terry's performance on the tests provided Hagner several "clues" suggesting she was intoxicated. Terry's performance of the HGN test provided six such "clues." During the one-leg-stand, she provided two "clues." During the walk-and-turn, Terry was unable to maintain balance and paused for extended periods before making her turns. Hagner testified that performance on these tests reflected a person's ability to perform "divided attention" tasks—gauging an individual's ability to multi-task and process information.

When Hagner asked Terry if she had smoked marijuana or used narcotics, she replied that she had not, but she had recently begun taking Depakote, a seizure medication. Hagner asked her if

alcohol could affect the medication, and Terry answered, "probably." She also admitted that she "probably" should not be drinking while taking the medication.

Hagner thus arrested Terry for driving under the influence of alcohol, drugs, or a combination of drugs and alcohol. An "Intoxilyzer" breath test revealed that her blood alcohol content (BAC) was 0.07 grams per 210 liters of breath.[2] Hagner testified that he administered the breath test within three hours of the stop and that he did not observe her consume any alcohol in that time.

Terry testified that she crossed the line while driving because she was attempting to retrieve a phone that had fallen between the door and the seat. She stated that she left her vehicle partially in the roadway in her haste to pull over. Terry confirmed that she had begun taking Depakote, a new anti-seizure medication, approximately four days before the traffic stop. She acknowledged that the Depakote label warned against consuming alcohol while taking the medication. She testified that she took Depakote the night before she was drinking.

At the conclusion of the evidence, Terry argued that the jury should not be instructed that it could find her guilty if it determined that her driving was impaired by a combination of alcohol and drugs. She asserted that the evidence failed to establish that Depakote, alone or in combination with alcohol, impaired her driving. Beyond that, Terry argued that no evidence established that Depakote was in her bloodstream when she was driving. Terry stressed that she would seek a mistrial if the Commonwealth made such an argument in its closing remarks.

The trial court overruled Terry's objection. The trial court noted that the warning label permitted a reasonable inference that combining the drug with alcohol impaired Terry's driving. When the trial court asked Terry if she was moving for a mistrial, she replied that she was not, but

---

[2] This is also called an "Evidentiary Breath Test," or EBT. This form of breath test is admissible at trial, in contrast to the roadside "Preliminary Breath Test," or PBT.

she warned that she would seek a mistrial if the Commonwealth argued that Depakote "[a]ffects your ability to drive." The trial court noted Terry's objection and stated that her objection was "continuing" so that she was "not to make a motion for a mistrial on that issue because [the court] [had] ruled on it." "[I]f [the Commonwealth] argues that, I'm ruling that he's entitled to . . . and . . . your objection is preserved."

In closing, the Commonwealth argued that Terry's poor performance on the HGN test indicated that she was unable to track other vehicles while driving. When Terry objected that no evidence established that correlation, the Commonwealth responded that this was a fair inference from the evidence. The trial court agreed and overruled Terry's objection. Terry did not move for a mistrial or ask for a curative instruction.

The Commonwealth also argued that the jury could find Terry guilty either because her driving was impaired by alcohol alone, or because it was impaired by a combination of alcohol and Depakote. The Commonwealth emphasized that Terry admitted that she was drinking despite having been "specifically . . . told not to take [her medication] with alcohol." It noted that, although three beers might not "normally" impair her driving, "maybe . . . the three beers with her medication . . . [had] . . . a combination effect and . . . an additive effect." The Commonwealth maintained, "whether it's a combination of the drug, whether it's just the alcohol, . . . you can see it in [her] driving behavior, . . . in her BAC . . . , [and] in her own statements." "[W]hen you put it all together, it's clear she's driving under the influence of alcohol."

The jury convicted Terry of driving while under the influence. The trial court sentenced her and entered a final order on May 12, 2023. On May 19, 2023, the trial court heard Terry's motion to set aside the verdict and for a new trial, but it did not enter an order denying the motion until June 13, 2023. This appeal follows.

- 4 -

## I. Closing Argument and Jury Instruction

Terry argues that it was error to allow the Commonwealth to argue that her poor performance on the HGN test indicated that she was intoxicated. "[E]rrors assigned because of a prosecutor's improper comments . . . during argument will not be considered on appeal unless the accused timely moves for a cautionary instruction or for a mistrial." *Harvey v. Commonwealth*, 76 Va. App. 436, 458 (2023) (second alteration in original) (quoting *Martinez v. Commonwealth*, 241 Va. 557, 559 n.2 (1991)). There is "no exception in Virginia law to the strict application of this rule." *Id.* at 459 (quoting *Bennett v. Commonwealth*, 29 Va. App. 261, 281 (1999)). When she objected to the Commonwealth's HGN remarks, Terry did not "'articulate . . . clearly the action [s]he desire[d] the court to take' (i.e., grant a mistrial or give a cautionary instruction)." *Id.* at 458 (first alteration in original) (quoting *Maxwell v. Commonwealth*, 287 Va. 258, 269 (2014)). Accordingly, she failed to preserve her argument that the trial court erred by overruling her objection.[3]

Terry asserts that the trial court erred by permitting "the argument and jury instruction that [she] was under the influence of alcohol, a drug, or both, when there was no foundation for said argument." She also contends that the trial court erred by allowing the Commonwealth to argue that her poor performance on the HGN test indicated that she was unable to track objects, including other vehicles, while she was driving.

Terry also argues that the trial court should have granted her motion for a mistrial, and erred by permitting "the argument and jury instruction that [she] was under the influence of alcohol, a

---

[3] Terry does not invoke the ends of justice or good cause exceptions in Rule 5A:18, and we decline to apply them sua sponte. *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

drug, or both, where there was no foundation for said argument."[4]  We review "the denial of a

motion for mistrial" for an abuse of discretion.  *Warnick v. Commonwealth*, 72 Va. App. 251,

263 (2020).  We "will not reverse the denial of a motion for a mistrial unless a manifest

probability exists that the trial court's ruling was prejudicial."  *Wright v. Commonwealth*, 52

Va. App. 690, 707 (2008) (quoting *Perez v. Commonwealth*, 40 Va. App. 648, 654 (2003)).

"Whether the words used were prejudicial must be judged by a review of the totality of the

evidence."  *Castillo v. Commonwealth*, 70 Va. App. 394, 446 (2019) (quoting *Fain v.

Commonwealth*, 7 Va. App. 626, 629 (1989)).

Based on the totality of the evidence, we cannot say that the trial court abused its discretion

by denying Terry's motion for a mistrial.  Code § 18.2-266 identifies several ways to commit the

offense of DUI.  Most importantly for our purposes, it forbids either driving "under the influence of

alcohol" or while "under the combined influence of alcohol and any drug."  *Compare* Code

§ 18.2-266(ii), *with* Code § 18.2-266(iv).  The clauses describe the same offense and are

interchangeable.  *See Beckham v. Commonwealth*, 67 Va. App. 654, 661 (2017) ("Both the Virginia

and Florida [DUI] statutes define a single offense that the government can establish through proof

of at least one of the subsections."); *see also United States v. Smith*, 965 F. Supp. 756, 762 (E.D. Va.

1997) (holding that the DUI statute "defines a single offense and the subsections merely set four[5]

methods of proof").  Therefore, if evidence and argument establish that Terry violated Code

§ 18.2-266(ii), it makes no difference that the evidence does not support a conviction under Code

§ 18.2-266(iv).

---

[4] Even though Terry did not object or move for a mistrial *during* closing argument, she sought a mistrial on that basis immediately before the Commonwealth's closing remarks.  Thus, her objection and motion preserved her argument because their timing "d[id] not significantly impair the trial court's ability to take corrective action."  *Castillo v. Commonwealth*, 70 Va. App. 394, 444 n.21 (2019).

[5] As of the writing of this opinion, five.  *See* Code § 18.2-266(i)-(v).

The thrust of the DUI statute "is to prohibit drinking and driving where the driver's ability is impaired to operate safely a motor vehicle." *Hogle v. Commonwealth*, 75 Va. App. 743, 753 (2022) (quoting *Thurston v. City of Lynchburg*, 15 Va. App. 475, 483 (1992)). The motorist need not be completely drunk—merely apparent intoxication is sufficient. *See id.* at 753-54 (quoting *Thurston*, 15 Va. App. at 483); *see also Oliver v. Commonwealth*, 40 Va. App. 20, 24 (2003) ("Test results from a breath or blood test are not necessary or required to prove driving under the influence of alcohol or drugs."); *compare Fitzgerald v. Commonwealth*, No. 0331-23-3, slip op. at 11, 2024 Va. App. LEXIS 23, at *14 (Jan. 23, 2024) (where there are other indicia of intoxication, the evidence of DUI is sufficient even when the defendant only has a BAC of 0.05),[6] *with* Code § 18.2-269(A)(1) ("If there was at that time [a BAC of] 0.05 . . . or less . . . it shall be *presumed* that the accused *was not* under the influence of alcohol . . . ." (emphases added)).

Substantial evidence supports Terry's conviction for DUI absent any evidence or argument about Depakote. The test of her evidentiary breath sample showed that Terry had a BAC of 0.07. There is no presumption for DUI given this, but the jury was entitled to weigh it as a factor supporting DUI. *See* Code § 18.2-269(A)(2) (a BAC over 0.05 but under 0.08 does not "give rise to any presumption" for or against DUI, "but such facts may be considered with other competent evidence in determining guilt or innocence of the accused"). Hagner testified he administered that test within three hours of her operating the vehicle and that he did not see her ingest anything in that time. He saw Terry driving erratically and that she parked her car still partially in the road after being stopped. When he interacted with her, Hagner noticed the odor of alcohol coming from Terry's car. Hagner testified that she exhibited several "clues" indicating intoxication during the

---

[6] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *E.g.*, *Davis v. Wal-Mart Assocs.*, 80 Va. App. 526, 534 n.1 (2024) (quoting *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 572 n.7 (2018)); *see also* Rule 5A:1(f).

physical SFSTs.  Terry herself admitted that she had consumed three drinks before driving.  Given all this, a fact finder could reasonably infer that Terry was under the influence while driving.

The jury was properly informed that this evidence supports finding that Terry drove under the influence.  The Commonwealth argued that Terry could be found under the influence of either just alcohol, drugs, or any combination of the two.  And the trial court instructed the jury to this effect, accurately stating the law on the matter.  *See, e.g.*, *Drexel v. Commonwealth*, 80 Va. App. 720, 724 (2024) ("In reviewing jury instructions, the Court's responsibility is to 'see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" (quoting *Ducharme v. Commonwealth*, 70 Va. App. 668, 674 (2019))).

We are convinced that testimony and argument about Depakote did not inure to Terry's prejudice.  The evidence was sufficient to sustain her conviction for DUI under Code § 18.2-266(ii). Furthermore, the trial court properly instructed the jury on the offense of DUI.  This Court holds, therefore, that the trial court did not abuse its discretion in denying Terry's motion for a mistrial.

## II.  Motion to Set Aside the Verdict and For a New Trial

Terry also assigns error to the trial court's refusal to grant her motion to set aside the verdict and for a new trial.  However, the trial court lost its jurisdiction over the case before it ruled on that motion.  We likewise have no jurisdiction to consider this argument on appeal.

A trial court retains control of its final orders—and may therefore modify, vacate, or suspend them—only for 21 days after their entry.  *See* Rule 1:1(a).  "Neither 'the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment is sufficient to toll or extend' this 21-day period.  *Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 213 (2010) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)).  "The [21]-day period is only tolled after entry of a final order or judgment

through entry of an order that '*expressly* modifies, vacates, or suspends the judgment.'" *Id.* (emphasis added) (quoting *Ruffin*, 263 Va. at 562). "In determining whether a circuit court retains jurisdiction over a matter when it issues a ruling, the critical event is the circuit court's entry of a written order." *Bailey v. Commonwealth*, 73 Va. App. 250, 261-62 (2021).

"Expiration of the twenty-one day time limitation [in Rule 1:1(a)] divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Here, the trial court entered the final sentencing order on May 12, 2023. Although Terry filed her motion on May 11, 2023, and appeared before the trial court on May 19, 2023, the trial court did not enter an order denying her motion until June 13, 2023, past the 21-day deadline in Rule 1:1. Nor did the trial court enter an order suspending, modifying, or vacating the final sentencing order. Accordingly, the trial court no longer had jurisdiction after the expiration of 21 days, and we have no jurisdiction to review the court's ruling on that motion. *See Minor v. Commonwealth*, 66 Va. App. 728, 742 (2016). This portion of Terry's appeal is, therefore, dismissed.

CONCLUSION

Accordingly, this Court affirms Terry's conviction and dismisses her appeal of the trial court's denial of her post-verdict motion.

*Affirmed in part and dismissed in part.*